UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
———————————————————X

JEROME ALLAMBY,

            Plaintiff,

-against-

UNITED STATES OF AMERICA,

           Defendant.

———————————————————X

**MEMORANDUM
AND ORDER**
05-CV-06052 (ARR)

ROSS, United States District Judge:

Plaintiff, appearing *pro se,* brings this action to repeat his challenge to his conviction and sentence by "charging defendant with a violation of the Thirteenth Amendment of the United States Constitution." Complaint at 1. Plaintiff seeks damages for "an unjust, dehumanization [sic] conviction and imprisonment which caused indignation, indignity, shame, disgrace, humiliation, loss of earnings and injury to Plaintiff's humanity and reputation." Complaint at 18. Plaintiff paid the filing fee to commence this action. For the reasons set forth below, the complaint is dismissed.

## Background

On March 27, 1998, plaintiff was convicted, after a jury trial, of four counts of income tax evasion, in violation of 26 U.S.C. § 7201, and five counts of aiding and abetting the making of false claims against the United States, in violation of 18 U.S.C. §§ 2 and 287. Plaintiff was sentenced to 12 months and a day followed by three years of supervised release, and ordered to pay a $700 special assessment.

In the nearly eight years since his conviction, plaintiff has filed a series of actions and

motions in this Court and in the United States Court of Appeals for the Second Circuit, repeatedly challenging his conviction and sentence on the grounds that Congress has no power to enact a valid income tax. In 1998 and 1999, plaintiff filed three applications with this Court, a motion filed under his criminal case and two petitions for a writ of habeas corpus, one seeking to vacate his conviction under 28 U.S.C. § 2255 and the other to vacate the supervised release portion of his sentence under 28 U.S.C. § 2241. On May 7, 1999, all three motions were denied in a consolidated Order. United States v. Allamby, 97-CR-00173 (ARR) (criminal case); Allamby v. United States, 99-CV-01394 (ARR) (§ 2255); Allamby v. U.S. Department of Probation, 99-CV-01801 (ARR) (§ 2241).

When these conventional means to challenge his conviction were exhausted, plaintiff embarked upon a more creative path. On August 12, 2000, plaintiff filed a civil rights action pursuant to 42 U.S.C. § 1983 against eight government officials involved in the investigation and prosecution of plaintiff's criminal case. Defendants' motion to dismiss the complaint was granted on May 23, 2001. Allamby v. United States of, et al., 00-CV-04988 (ARR). Plaintiff's motion for reconsideration was denied on June 15, 2001.

On December 23, 2002, plaintiff filed an "action of a civil nature" requesting the Court to order the Department of Justice to demonstrate to him what part of the United States Constitution authorizes Congress to enact an income tax law. Plaintiff's hope was that once defendant failed to demonstrate the legitimacy of the federal income tax, he would move to vacate his conviction. In dismissing the complaint *sua sponte*, the Court found that it was "duplicative of the[] previous pleadings and is entirely frivolous. Moreover, his claim is not cognizable, and the relief he requests is not within the Court's power to grant." Allamby v.

United States of America et al., 02-CV-06745 (ARR), Order dated January 8, 2003 at 1-2. This Court's order was affirmed by the United States Court of Appeals for the Second Circuit by mandate issued May 19, 2004 finding plaintiff's claim without merit because Congress unquestionably has the authority to impose income tax, and the "willfulness" element of his offense of conviction is satisfied where, as here, a defendant knows of the tax laws but disagrees with them. Allamby v. United States of America et al., 03-CV-6030 (2d Cir. 2004) at p. 3-4 (citations omitted).

## Discussion

While the Court acknowledges that although the *pro se* plaintiff is held to a less stringent pleading standard, the Court has the authority to dismiss frivolous claims *sua sponte*. See Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363 (2d Cir.2000) (holding that district courts may dismiss frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee). Indeed, "district courts are especially likely to be exposed to frivolous actions and, thus, have a great[ ] need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources." Id. at 364. A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The instant complaint is meandering and inscrutable, but it is clear that plaintiff is back again with the same baseless arguments. He argues that no one can prove that he owes a federal debt and to have incarcerated him and to require him to pay the taxes he owes is tantamount to involuntary servitude in violation of the Thirteenth Amendment. He also argues that the willfulness element of the offense of tax evasion was not proven. These theories are followed by a disquisition on plaintiff's view of the history of income tax in the United States including

excerpts from the 1943 Congressional Record, Complaint at 10, and Grover Cleveland. Id. at 9.

Plaintiff's invocation of the Thirteenth Amendment is a slight variation, but a losing argument since the Thirteenth Amendment to the United States Constitution provides: "Neither slavery nor involuntary servitude, *except as a punishment for a crime whereof the party shall have been duly convicted*, shall exist within the United States or any place subject to their jurisdiction." (emphasis supplied). All of plaintiff's remaining arguments have been raised before repeatedly and rejected. The complaint lacks any arguable basis in law and is dismissed as frivolous. Fitzgerald, 221 F.3d at 363.

## Conclusion

Accordingly, because there is no basis for his claim, the complaint is dismissed as frivolous. Plaintiff is advised that judicial resources are scarce and he should cease from filing baseless and duplicative actions. The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____
ALLYNE R. ROSS
United States District Judge

Dated: Brooklyn, New York
February 7, 2006

4